CASE 60—PETITION EQUITY—SEPTEMBER 27.

# Tanner and wife vs. Van Bibber, &c.

### APPEAL FROM GREENUP CIRCUIT COURT.

1. A conveyance of land in 1839 operated as revocation of a previous devise, by the grantor, of the same land.

2. A conveyance of land by a father to his son, on the condition that the latter will support and maintain the wife of the grantor during life, conferred on her a personal right, which, after her husband's death, she could release to the grantee, and thereby perfect his title, or she could release him from that duty in consideration of his conveyance of the title to her.

G. E. ROE, for appellants, cited 1 *Marsh.*, 124; 7 *Mon.*, 632; 5 *J. J. M.*, 361; 6 *Dana*, 447.

HARLAN & HARLAN on same side.

E. F. DULIN for appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This appeal mainly involves the construction of certain deeds, and agreements embodied in them, between James Van Bibber and his wife, Lois Van Bibber, and their sons, Clark Van Bibber, Albert Van Bibber, and Adna Van Bibber. Said James Van Bibber, by the first of these deeds, dated the

16th of February, 1839, and signed by himself and Clark Van Bibber, in consideration of said Clark's covenant to support and provide for said James and Lois, and the survivor of them, during their lives, covenanted and agreed to stand seized of a tract of about 90 acres of land, "to the following uses, to-wit: to the use of himself during his natural life; and, after his decease, then to the use of his wife, the aforesaid Lois Van Bibber, should she survive him, during her natural life; and, after the death of them, the said James Van Bibber and Lois, his wife, to the only use, benefit, and behoof of him, the said Clark Van Bibber, and his heirs forever."

Certain personal property is also conveyed to Clark Van Bibber by the deed, to be held, used, and employed by him for the use and benefit of said James and Lois, and "towards their comfort and support."

The deed contains these furthur stipulations: "It is further expressly understood that the use in the lands herein mentioned, which is reserved to the party of the third part, and the grant of the personal chattels, are subject to this condition, that he shall provide a comfortable maintenance for his parents during their natural lives; and, in the event that he shall fail so to provide to the satisfaction of his parents, the latter, or the survivor of them, shall be reinstated with full and ample powers over the land and personal estate herein mentioned, to make such sale or disposition thereof as their discretion, or that of the survivor, may deem proper, towards providing the support and maintenance which the party of the third part has hereby undertaken to furnish. Should the party of the third part comply with his covenants herein, by providing for the support and maintenance of his parents aforesaid during their lives, in such event the said James Van Bibber, in consideration thereof, doth by these presents release, *remise*, and convey the whole reversion, and all the rights, title, and estate of, in, and to the lands herein more particularly described, after the death of himself and Lois, his wife, unto him, the above named Clark Van Bibber, and his heirs forever, free and discharged from all the uses and trusts above named; and he does further, after death of himself

and his wife, invest the said Clark with the full and exclusive property, in the personal chattels above granted, free and discharged from any trust whatever. James Van Bibber doth further hereby declare, that the above conveyance is hereby intended as an advancement to his son Clark, as well as on the consideration expressed, and that he is to accept the same in full of his distributive share in his estate, and the said Clark hereby elects to take the same in full of his share."

James Van Bibber died in August, 1841. He left a will, made in 1829, in which he devised his whole estate to his wife, Lois, which, it is insisted for the appellants, was revoked by his deed of 16th February, 1839, as to the tract of 90 acres of land.

Afterwards, by a deed dated the 7th of December, 1841, and signed by Clark Van Bibber and Lois Van Bibber, he conveyed and released to her all such title and interest as he had acquired under the deed of 1839, and she released him of his covenants and liabilities therein to her.

Afterwards, by another deed, dated the 2d of May, 1845, and executed by said Clark and Lois, reciting that said Clark had " well and truly complied with all the covenants and conditions" of the deed of 1839, during the life of James Van Bibber; and that he had supplied, and would supply, the said Lois, while she should live, with all the necessaries of life, and maintain her comfortably, she, in consideration of his agreements so to provide for, support, and maintain her, released and reconveyed the land to him, with similar conditions, however, as to his performance of his undertaking, as were contained in the deed of 1839, with the further provision, that, in case of the death of said Clark Van Bibber, without lawful heirs, the land should be the property of Albert Van Bibber and his heirs.

Subsequently, said Clark, Albert, and Lois Van Bibber, by their joint deed, conveyed the land to Adna Van Bibber, who conveyed it to the appellee, Cyrus Van Bibber.

This suit was brought by the appellants, Tanner and Rhoda, his wife, she being one of the children of James and Lois Van Bibber (who had died), to recover the share of one eighth

of the land, claimed in the right of said Rhoda, on the alleged grounds that said deeds were made in fraud of their rights, and vested no title in the grantees.

The circuit court dismissed the petition, and from that judgment this appeal is prosecuted.

We do not perceive in the record any evidence of fraud on the part of Clark Van Bibber in obtaining the deed of 1839, which, in our opinion, revoked the devise of the land contained in the will of James Van Bibber, and vested in Clark Van Bibber an estate in remainder in the land after the termination of the joint lives of James and Lois Van Bibber, and of the survivor of them, subject, however, to be defeated by a failure of Clark to perform the conditions upon which the deed was made.

But assuming this to be so, it is insisted for the appellants that the deed of the 7th of December, 1841, did not invest said Lois Van Bibber with the title, but operated simply to release and restore it to the heirs-at-law of James Van Bibber. We do not think so. In our opinion, the support and maintenance of said Lois, after her husband's death, imposed on Clark by the deed of 1839, was a personal right which she could have released to him, and thereby have perfected his title by the extinguishment of whatever right she had, whether a particular estate or a charge on the land; or she could have released him from the personal duty in consideration of his conveyance of the title to her, and thus perfected her own title; and we consider this the legal effect of the deed of the 7th of December, 1841.

From this view of the case it results that the subsequent deeds between Lois Van Bibber and her sons, Clark and Albert, and from her and them to Adna Van Bibber, and from him to Cyrus Van Bibber, were valid, and that the circuit court properly dismissed the petition of Tanner and wife.

Wherefore, the judgment is *affirmed*.